UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES *ex rel.* CAROL A. GLASER,  )<br>  )<br>   Plaintiff,  )<br>  )<br>   vs.  )<br>  )<br>WOUND CARE CONSULTANTS, INC., et al.,  )<br>  )<br>   Defendants.  ) | CAUSE NO.  1:05-cv-573-LJM-WTL |

### ENTRY ON MOTION TO STAY DISCOVERY

This cause is before the Magistrate Judge on the Defendants' motion to stay discovery pending the Court's ruling on their motion to dismiss for lack of subject matter jurisdiction. The motion is fully briefed, and the Magistrate Judge, being duly advised, **GRANTS** the motion to stay for the reasons set forth below.

Relator Carol Glaser brings this case under the False Claims Act alleging that the Defendants unlawfully claimed reimbursement from Medicare and Medicaid for services provided by physicians' assistants "incident to" the services of a physician when the physician was not on the premises at the time of treatment. The Defendants have filed a motion to dismiss in which they assert that Glaser may not bring this suit because the alleged unlawful claims were the subject of a government audit before Glaser's suit was filed and Glaser was not the original source of the information upon which the suit is based. In the instant motion, the Defendants ask that discovery be stayed in this case until after their motion to dismiss is resolved.

The Magistrate Judge agrees with the Defendants that it is appropriate to stay discovery regarding Glaser's claims while the motion to dismiss is pending. The discovery requests she has served are extensive and would be burdensome for the Defendants to answer; in light of the

unique nature of claims under the False Claims Act, it is particularly appropriate to postpone such extensive discovery until after the Court has determined that the Relator has the authority to bring the asserted claims.

Glaser, of course, would be entitled to conduct targeted discovery that is relevant to the pending motion to dismiss. However, the Magistrate Judge does not believe there is any such discovery. In their motion to dismiss, the Defendants allege that 31 U.S.C. § 3730(e)(4)(A) dictates a finding that Glaser cannot maintain her claims. That subsection of the False Claims Act provides that "no court shall have jurisdiction over an action under this section based upon the public disclosure of allegations or transactions . . . in a congressional, administrative, or Government Accounting Office report, hearing, audit, or investigation … unless the action is by the Attorney General or the person bringing the action is an original source of the information." The Defendants assert in their motion to dismiss that several months prior to Glaser instituting this suit, the Centers for Medicare and Medicaid Services began an audit of the Defendants' bills to Medicare specifically to look at whether the physician supervision requirement was satisfied–in other words, an audit of the very type of allegedly improper billing that Glaser asserts in this case. This audit, the Defendants argue, constituted a "public disclosure" under § 3730(e)(4)(A).

Glaser asserts that she is entitled to conduct discovery regarding "why it is that the Defendants contend this letter[1] (or the underlying audit) was public and how it is that the

---

[1] The Defendants attach to their motion to dismiss a letter they received from the Centers for Medicare and Medicaid Services discussing the audit. Glaser incorrectly suggest that the Defendants argue that the letter constituted a public disclosure; that is not the Defendants' position at all. Rather, the Defendants argue that the audit itself constituted a public disclosure; the letter is simply their evidence that the audit took place prior to the date this suit was filed.

Defendants contend that the Relator came to know of this letter (or the underlying audit) in order to derive her allegations from it and how it is that they believe her allegations are derived from it." Glaser's argument is misplaced, however. The Defendants' argument does not depend upon whether Glaser had any actual or constructive (or even theoretically possible) knowledge of the audit; rather, the Defendants argue that the very existence of the audit constituted a "public disclosure" as a matter of law. The Defendants' brief in support of their motion to dismiss clearly sets out their legal arguments in this regard; there is no discovery necessary for Glaser to determine why the Defendants contend what they contend. Glaser believes that the law requires more than the mere existence of the audit; however, that is strictly a matter of law that does not hinge upon any fact that might be uncovered by discovery. Neither is any discovery required for the second part of the § 3740(e)(4)(A) inquiry–whether Glaser was the "original source" of the information upon which her claim is based. Glaser herself is in the best position to know what the source of her knowledge was.

Glaser has failed to demonstrate that any discovery is necessary in order for her to respond to the pending motion to dismiss; therefore, she shall file her response to that motion **within 15 days of the date of this Entry.** The Defendants' motion to stay discovery pending the Court's ruling on that motion is **GRANTED**.

SO ORDERED:   10/05/2007

_____
Hon. William T. Lawrence, Magistrate Judge
United States District Court
Southern District of Indiana

3

Copies to:

Jennifer Westerhaus Adams
BARNES & THORNBURG LLP
jennifer.adams@btlaw.com

Harold R. Bickham
BARNES & THORNBURG LLP
hbickham@btlaw.com

Paul Richard Black
paulblacklaw@gmail.com

Mary Jane Lapointe
LAPOINTE LAW FIRM PC
maryj@lapointelawfirm.com

Shelese M. Woods
UNITED STATES ATTORNEY'S OFFICE
shelese.woods@usdoj.gov