UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES *ex rel.*CAROL A. GLASER, )<br>       Plaintiff,                      )<br>                                       )<br>   vs.                                         )<br>                                       )<br>WOUND CARE CONSULTANTS, INC.,   )<br>MELISSA E. MILLER, and DR. STEVEN   )<br>MILLER,                                  )<br>       Defendants.               )  | 1:05-cv-573-LJM-WTL |

**<u>ORDER</u>**

Defendants, Wound Care Consultants, Inc., Melissa E. Miller, and Dr. Steven Miller (collectively, "Defendants" or "Wound Care") have moved to dismiss the Second Amended Complaint of Plaintiff, Carol A. Glaser ("Plaintiff" or "Glaser"), brought under the False Claims Act, 31 U.S.C. §§ 3729-32, asserting that this Court lacks jurisdiction over the dispute. The Second Amended Complaint alleges that Wound Care violated Medicare and Medicaid billing rules by submitting claims for services performed by physician assistants "incident to" the services of a physician when no physician was physically present or had ever treated the patient. The Government has declined to intervene in this matter.

The Fraudulent Claims Act ("FCA") permits private individuals to bring civil actions in the name of the Government to expose any fraudulently acquired payments of government funds. But, the FCA puts some jurisdictional limits on private efforts. It provides that "no court shall have jurisdiction over an action under this section based upon the public disclosure of allegations or transactions . . . in a congressional, administrative, or Government Accounting Office report, hearing, audit, or investigation . . . unless the action is by the Attorney General or the person bringing

the action is an original source of the information." 31 U.S.C 3730(e)(4)(A) (2000). In addition, 31 U.S.C. 3730(e)(4)(B) says: "For purposes of this paragraph, 'original source' means an individual who has direct and independent knowledge of the information on which the allegations are based and has voluntarily provided the information to the government before filing an action under this section which is based on this information."

Defendants contend that Plaintiff either based her allegations on a public disclosure or was not an original source of that information. It is undisputed that Defendants were subjected to both a governmental inquiry into Defendants' Medicare billing and an audit by the Centers for Medicare and Medicaid Services ("CMS"), each of which is a public disclosure. Plaintiff affirms in her affidavit that she had no knowledge of any audit by any entity and that her Second Amended Complaint is based solely on personal knowledge of her experience with Defendant's and Medicaid. The issue then is whether she has established that she is an original source of the allegations underlying this *qui tam* action in which the Government has denied to participate.

Defendant's Interrogatory Number 2 inquired as to when Glaser learned of her claim. Glaser's answer states: "Without waiving objections based on attorney client privilege and the work product doctrine, Glaser's attorney first became aware of possible fraudulent billing practices by the defendants in August of 2003. Glaser is unaware of the source of this information, and the information is protected by the attorney-client privilege . . . ."

During her deposition, Glaser testified to the following:

Q  Why did you have concerns about what they were charging?

A  That's private, confidential.

Q  Did you see something that made you think they were overcharging?

A  I was querying how and why and how much.

Q  Okay.  And why were you querying that?

A  Because I became aware that they–they might be not charging correctly.

Q  Okay.  How did you become aware of that?

A  That's privilege between Mary Jane and I.

Q  Okay.  So you are saying that you didn't become aware of that other than through a conversation that's privileged; is that correct?

A  Right.

Q  Okay.  And just so I'm clear – I want to make sure I understand this and I'm not missing anything that you said – other than the conversations are privileged that you can't talk about, you don't have any other knowledge about overbilling that Wound Care Center Consultants might have done; is that correct?

A  That's correct.

Defs.' Ex. 3, at 96-97.

This testimony evidences that Glaser has no direct and independent knowledge of the fraud that forms the basis for her Second Amended Complaint.  All her knowledge was obtained from a conversation with her attorney, the content of which she refuses to divulge.  Having received the information concerning the alleged fraud from her attorney, her later request, through her attorney for verification from her own records, fails to make her an original source.  In *United States ex rel. Hafter v. Spectrum Emergency Care*, 190 F.3d 1156,1162 (10th Cir.1999), the court opined that in order to qualify as an original source the knowledge imparted "must be marked by the absence of an intervening agency . . .[and] unmediated by anything but the [*qui tam* plaintiff's] own labor."

In addition, standing upon an alleged attorney privilege when asked for information about the source of her allegations is ill-advised.  It appears to this Court that the attorney-client privilege

does not apply to facts given by an attorney to the client.  The case law suggests that the attorney-client privilege does not protect facts that an attorney obtains from independent sources and then conveys to the client.  *See Standard Charted Bank PLC v. Ayala Int'l Holdings*, 111 F.R.D. 76 (S.D.N.Y. 1986); *see also Pippenger v. Gruppe*, 883 F. Supp. 1201 (S.D. Ind. 1994).  This dilemma is particularly problematic when it is the Plaintiff herself who has the burden on the independent source issue.

In any case, the record here is that the Plaintiff learned everything she knew from her attorney.  Under these facts Glaser cannot be an original source.  Defendants' Motion to Dismiss is **GRANTED**.  Plaintiff's, United States *ex rel.* Carol A. Glaser, Second Amended Complaint is hereby **DISMISSED with prejudice**.  All claims having been dismissed, all pending motions are hereby **MOOT**.

IT IS SO ORDERED this 3rd day of December, 2007.

LARRY J. McKINNEY, CHIEF JUDGE
United States District Court
Southern District of Indiana

Distributed electronically to:

Paul Richard Black
paulblacklaw@gmail.com

Mary Jane Lapointe
LAPOINTE LAW FIRM PC
maryj@lapointelawfirm.com

Shelese M. Woods
UNITED STATES ATTORNEY'S OFFICE
shelese.woods@usdoj.gov

Jennifer Westerhaus Adams
BARNES & THORNBURG LLP
jennifer.adams@btlaw.com

Harold R. Bickham
BARNES & THORNBURG LLP
hbickham@btlaw.com